IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
No. 7:17-CV-10-BO

| | | |
|---|---|---|
| GWENWOOD CAROL BULLARD, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | O R D E R |
| | ) | |
| NANCY A. BERRYHILL, | ) | |
| *Acting Commissioner of Social Security*, | ) | |
| | ) | |
| Defendant. | ) | |

This cause comes before the Court on cross-motions for judgment on the pleadings. A hearing was held on these matters before the undersigned on March 13, 2018 in Edenton, North Carolina. For the reasons discussed below, the matter is remanded for further proceedings.

## BACKGROUND

Plaintiff brought this action under 42 U.S.C. § 405(g) for review of the final decision of the Commissioner denying her claim for disability insurance benefits ("DIB") pursuant to Title II of the Social Security Act, 42 U.S.C. § 401-433. Plaintiff alleged disability beginning on April 6, 2012. Plaintiff protectively filed her application for DIB on May 16, 2012. After denial initially and on reconsideration, a hearing was held before an Administrative Law Judge ("ALJ"), who issued an unfavorable ruling on October 16, 2015. This decision became the final decision when the Appeals Council denied plaintiff's subsequent request for review. Plaintiff then timely sought review of the decision in this Court.

## DISCUSSION

Under the Social Security Act, 42 U.S.C. §§ 405(g), and 1383(c)(3), this Court's review of the Commissioner's decision is limited to determining whether the decision, as a whole, is

supported by substantial evidence and whether the Commissioner employed the correct legal standard. *Richardson v. Perales*, 402 U.S. 389, 401 (1971). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Johnson v. Barnhart*, 434 F.3d 650, 653 (4th Cir. 2005) (per curiam) (internal quotation and citation omitted).

An individual is considered disabled if he or she is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than [twelve] months." 42 U.S.C. § 1382c(a)(3)(A). The Act further provides that an individual "shall be determined to be under a disability only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other line of substantial gainful work which exists in the national economy." 42 U.S.C. § 1382c(a)(3)(B).

Regulations issued by the Commissioner establish a five-step sequential evaluation process to be followed in a disability case. 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). The claimant bears the burden of proof at steps one through four, but the burden shifts to the Commissioner at step five. *See Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987). If a decision regarding disability can be made at any step of the process, however, the inquiry ceases. *See* 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4).

At step one, if the Social Security Administration determines that the claimant is currently engaged in substantial gainful activity, the claim is denied. If not, then step two asks whether the claimant has a severe impairment or combination of impairments. If the claimant has a severe impairment, it is compared at step three to those in the Listing of Impairments

("Listing") in 20 C.F.R. Pt. 404, Subpt. P, App. 1. If the claimant's impairment meets or medically equals a Listing, disability is conclusively presumed. If not, at step four, the claimant's residual functional capacity ("RFC") is assessed to determine if the claimant can perform her past relevant work. If so, the claim is denied. If the claimant cannot perform past relevant work, then the burden shifts to the Commissioner at step five to show that the claimant, based on her age, education, work experience, and RFC, can perform other substantial gainful work. If the claimant cannot perform other work, then she is found to be disabled. See 20 C.F.R. § 416.920(a)(4).

Here, the ALJ determined that plaintiff was not engaged in substantial gainful activity at step one. She was determined to have the following severe impairments at step two: Cervical and lumbar degenerative disc disease, depression, anxiety disorder and panic attacks, borderline intellectual functioning, degenerative joint disease, right knee status-post arthroscopy, degenerative joint disease, left ankle status-post two surgeries, bilateral carpal tunnel syndrome, and obesity. These severe impairments did not meet a Listing at step three. The ALJ found that she had an RFC to perform sedentary work with significant exertional and non-exertional limitations, but could not perform her past relevant work. At step five, using the testimony of a vocational expert ("VE"), the ALJ determined that jobs existed in significant numbers in the national economy that plaintiff could perform, and therefore she was not disabled within the meaning of the Act.

Plaintiff makes two interlocking arguments in support of her case for remand. Both focus on whether the ALJ appropriately evaluated all of her limitations when determining her RFC. First, plaintiff argues that the testimony of her treating physicians was not properly weighed.

3

Second, she claims that her RFC as determined by the ALJ was inconsistent with the finding of moderate difficulty in maintaining concentration, persistence and pace.

Plaintiff argues that her treating physicians' opinions show that her difficulties in maintaining concentration, persistence and pace are more than moderate.

The opinions of treating physicians merit significant weight. 20 C.F.R § 416.927. However, treating physicians do not automatically get controlling weight, and an ALJ has no obligation to adopt every aspect of a treating source's opinion. *Id.* It is the ALJ's responsibility to analyze how physician opinions map on to the disability framework, and if that analysis is supported by substantial evidence, then it will stand.

The ALJ found that plaintiff had moderate limitations in concentration, persistence and pace. First, that finding is not contradicted by physician testimony that she would be frequently limited in attention and concentration. Second, even if that finding was inconsistent, an ALJ makes a decision based on the entirety of the record. Even if an ALJ gives a physician's opinion great weight, as the ALJ did here with Dr. Smid, that does not require that every aspect of the opinion be adopted. Facets not supported by the full record may be excluded. Here, the ALJ's holding that plaintiff had moderate difficulties is supported by substantial evidence.

However, the ALJ did err when proceeding to the RFC determination. The Fourth Circuit has held that an ALJ does not address a plaintiff's limitations in concentration, persistence, and pace merely by limiting her to simple routine tasks or unskilled work. *Mascio v. Colvin*, 780 F.3d 632, 638 (4th Cir 2015). This is because the ability to do simple tasks is different from the ability to stay on task. *Id.* A limitation in an RFC that restricts a claimant to simple tasks—such as, for example, restricting a claimant to simple, routine, repetitive tasks in a non-production environment—generally does not suffice to resolve a claimant's ability to stay on task. *See, e.g.,*

*Owens v. Berryhill*, 2017 WL 2438786 at *2-3 (E.D.N.C. June 5, 2017); *Weeks v. Colvin*, 2015 WL 5242927 at *4 (E.D.N.C. Sept. 8, 2015); *Raynor v. Colvin*, 2015 WL 1548996 at *2 (E.D.N.C. Apr. 7, 2015).

Here, the ALJ did not include an evaluation of plaintiff's ability to stay on task in the calculation of her RFC. This is a failure to properly asses her limitations. Accordingly, remand is needed. *See Mascio*, 780 F.3d at 636 (remand is appropriate "where an ALJ fails to assess a claimant's capacity to perform relevant functions, despite contradictory evidence in the record, or where other inadequacies in the ALJ's analysis frustrate meaningful review." (internal quotation marks omitted)). This case must be remanded so the ALJ may perform the proper function-by-function assessment required by SSR 96-8p.

## CONCLUSION

Accordingly, plaintiff's motion for judgment on the pleadings [DE 18] is GRANTED and defendant's motion for judgment on the pleadings [DE 22] is DENIED. The decision is REMANDED to the Commissioner for further proceedings consistent with the foregoing.

SO ORDERED, this _ day of March, 2018

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE